UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ERIC A. GUY,
    Plaintiff,

v.

BRIAN MOYNIHAN, et al.,
    Defendants.

No. 3:17-cv-00014 (SRU)

## RULING AND ORDER

Eric A. Guy,[1] *pro se*, has moved for an emergency stay of ejectment and for an injunction against foreclosure proceedings currently pending in Connecticut Superior Court. Various defendants have moved to dismiss on the basis of the *Rooker-Feldman* doctrine, res judicata, the Anti-Injunction Act, the Eleventh Amendment, absolute judicial immunity, *Younger* abstention, insufficient service of process, and failure to state a claim upon which relief can be granted. Because, under the *Rooker-Feldman* doctrine, I lack subject matter jurisdiction to review the state court judgment, I grant the defendants' motions and dismiss Guy's case.

**I.    Standard of Review**

"A case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A party who seeks to invoke a court's jurisdiction bears the burden of establishing that it exists by alleging facts to demonstrate that the legal basis for the dispute allows it to be adjudicated in federal court. *Thompson v. Cnty. of Franklin*, 15 F.3d 245, 249 (2d Cir. 1994) (citing *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). Although I "accept as true all

---

[1] The Clerk shall correct the plaintiff's name on the docket to "Eric A. Guy."

material allegations of the complaint, and . . . construe the complaint in favor of the complaining party," I may consider materials outside the record for the purpose of determining whether subject matter jurisdiction exists. *Id.* (quoting *Warth*, 522 U.S. at 501).

**II.     Background**

Guy owned property in Windsor, Connecticut, which was the subject of a foreclosure action by Bank of America in Connecticut Superior Court. *See* Compl., *Bank of America v. Guy*, Doc. No. HHD-CV-14-6055975-S (Conn. Super. Ct. Dec. 11, 2014). On June 29, 2015, the state court entered a judgment of strict foreclosure against Guy's property. Judgment, Doc. No. 117.00, *Bank of America v. Guy* (June 29, 2015). Guy filed several motions to open the judgment, *see* Mot. Open Judgment, Doc. No. 129.00, *Bank of America v. Guy* (Nov. 20, 2015); Mot. Open Judgment, Doc. No. 133.00, *Bank of America v. Guy* (Jan. 4, 2016); Mot. Open Judgment, Doc. No. 139.00, *Bank of America v. Guy* (May 2, 2016); Mot. Open Judgment, Doc. No. 148.00 (Oct. 31, 2016), all of which were denied. *See* Order, Doc. No. 129.86, *Bank of America v. Guy* (Dec. 21, 2015); Order, Doc. No. 133.86, *Bank of America v. Guy* (June 2, 2016); Order, Doc. No. 139.86, *Bank of America v. Guy* (May 18, 2016); Order, Doc. No. 148.86, *Bank of America v. Guy* (Nov. 21, 2016). Guy also appealed to the Connecticut Appellate Court, *see* Doc. No. 146.00, *Bank of America v. Guy* (July 19, 2016), but his appeal was dismissed as moot. *See* Order, Doc. No. 147.00, *Bank of America v. Guy* (Oct. 21, 2016).

The state court issued an execution of ejectment against Guy on December 29, 2016.[2] Doc. No. 154.00, *Bank of America v. Guy* (Dec. 29, 2016). On January 4, 2017, Guy filed a

---

[2] On February 27, 2016, the state court's execution was returned unsatisfied. Doc. No. 155.00, *Bank of America v. Guy* (Feb. 27, 2016). The court issued another execution of ejectment on March 3, 2017, Doc. No. 157.00, *id.* (Mar. 3, 2017), which was also returned unsatisfied on May 3, 2017. Doc. No. 158.00, *id.* (May 3, 2017). A third execution of ejectment was issued on May 30, 2017. *See* Doc. No. 161.00, *id.* (May 30, 2017).

complaint in this court against various defendants, including Bank of America[3] and its CEO, Brian Moynihan; Bank of America's attorneys in the state court action; several judges of the Connecticut Superior Court; and the State of Connecticut. *See* Compl., Doc. No. 1, *Guy v. Moynihan*, 3:17-cv-00014 (SRU) (D. Conn. Jan. 4, 2017). Essentially, Guy alleges that the state court lacked jurisdiction and that the proceedings violated his rights protected by the Constitution of the United States, 28 U.S.C. § 1343(a)(3), and 42 U.S.C. § 1983. *See id.* at 1–2, 8–9. Guy simultaneously filed a motion for an injunction to abate the state court proceedings (styled as a "motion to intervene"), Doc. No. 3; a motion for emergency stay of ejectment, Doc. No. 4; and a motion to vacate the state court judgment, Doc. No. 5.[4]

Moynihan and Bank of America (collectively, "Bank of America") appeared in the action on March 31, 2017. Doc. No. 11. Judge Anthony Avallone of the Connecticut Superior Court and the State of Connecticut (collectively, "the State") appeared on April 28, 2017. Doc. No. 17. Bank of America moved to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) on April 20, 2017, arguing that Guy's claims "are barred by the *Rooker-Feldman* and *res judicata* doctrines, as well as the Anti-Injunction Act," and that Guy "fails to . . . plead[] a cognizable legal basis for relief." Bank of America's Mot. Dismiss, Doc. No. 16, at 1. The State moved to dismiss pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6) on April 28, 2017, contending that Guy's claims "are barred in their entirety by (1) the Eleventh Amendment; (2) absolute judicial immunity; (3) the *Younger* abstention doctrine; (4) the Anti-Injunction Act; (5) improper and insufficient service of process; and (6) failure to state a claim." State's Mot. Dismiss, Doc. No. 19, at 1.

---

[3] The Clerk shall correct the spelling of defendant's name on the docket to "Bank of America."

[4] Guy also filed a motion for leave to proceed *in forma pauperis*, which was denied on January 11, 2017. Doc. No. 9. Guy then paid the filing fee on January 23, 2017.

Guy responded to the motions to dismiss and filed a petition for writ of mandamus on May 2. 2017.[5] Doc. No. 20. Neither he nor the defendants requested oral argument.

**III.  Discussion**

Bank of America and the State have raised numerous grounds for dismissing Guy's lawsuit. Because I conclude that the *Rooker-Feldman* doctrine is sufficient to dispose of Guy's case in its entirety, I will address only that basis for dismissal.

"Where a federal suit follows a state suit, the former may be prohibited by the so-called *Rooker-Feldman* doctrine in certain circumstances." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 83–84 (2d Cir. 2005). Named for two Supreme Court cases—*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983)— the doctrine "established the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state court judgments." *See Hoblock*, 422 F.3d at 84. Because a federal statute, 28 U.S.C. § 1257, "vests authority to review a state court's judgment solely in th[e] [Supreme] Court," *Rooker* and *Feldman* held that federal district courts "lacked subject-matter jurisdiction" to hear cases seeking to "overturn an injurious state-court judgment." *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92 (2005).

For the *Rooker-Feldman* doctrine to apply, "four requirements" must be satisfied. *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010). First, the plaintiff must have "lost in state court." *Id.* Second, the plaintiff must "complain[] of injuries caused by the state court judgment." *Id.* Third, the plaintiff must "invite[] district court review of that judgment. *Id.* And fourth, "the state court judgment [must have been] entered before the plaintiff's federal suit commenced." *Id.*

---

[5] Guy subsequently also filed a motion to strike, Doc. No. 21, and a motion for default entry, Doc. No. 22, which the defendants have opposed. *See* Docs. Nos. 23 & 24.

In the absence of those criteria, *Rooker-Feldman* "does not deprive a district court of subject-matter jurisdiction 'simply because a party attempts to litigate in federal court a matter previously litigated in state court.'" *Hoblock*, 422 F.3d at 85 (quoting *Saudi Basic Indus. Corp.*, 544 U.S. at 293). Rather, the federal plaintiff must "complain[] of injuries *caused by* state-court judgments . . . and invit[e] district court review and rejection of those documents." *Saudi Basic Indus. Corp.*, 544 U.S. at 284 (emphasis added). If a plaintiff raises "independent claims," even if those claims "involve the identical subject matter and parties as previous state-court suits," then the case is not barred by the *Rooker-Feldman* doctrine. *Id.* at 293; *Hoblock*, 422 F.3d at 85.

"Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman* doctrine," and Guy's claims are no exception. *See Gonzalez v. Ocwen Home Loan Serv.*, 74 F. Supp. 3d 504, 517–18 (D. Conn. 2015), *aff'd*, 632 F. App'x 32 (2d Cir. 2016) (summary order). Guy "lost in the state foreclosure action, and the foreclosure judgment was entered before [Guy] filed his . . . federal complaint." *Vossbrinck v. Accredited Home Lenders*, 773 F.3d 423, 426 (2d Cir. 2014) (per curiam). Moreover, Guy explicitly "complain[s] of injury from a state-court judgment." *Hoblock*, 422 F.3d at 85. In his complaint, Guy alleges that he "never had the rights to a fair hearing[] or trial" because "the opposing party [never] had to . . . appear to testify in Superior Court." Compl., Doc. No. 1, at 9. He also contends that the state court lacked jurisdiction, with the result that the judgment against him "deprived [him] of life, liberty, property, and due process of law." *Id.* Guy's claimed injuries "were caused by the Foreclosure Judgment because the foreclosure would not have occurred but-for the judgment in state court." *In re Sanders*, 408 B.R. 25, 34 (Bankr. E.D.N.Y. 2009) (internal quotation marks omitted). Hence, "the injury of which [Guy] 'complains' . . . , and which he seeks to have remedied, is the state foreclosure judgment." *Vossbrinck*, 773 F.3d at 427.

5

Guy also impermissibly "seek[s] federal-court review and rejection of the state-court judgment." *Hoblock*, 422 F.3d at 85. Guy's prayer for relief requests that I "[v]acate [the] [j]udgment" of the Superior Court "due to the fact that . . . the trial court has not complied with the U.S. Bill of Rights." Compl., Doc. No. 1, at 12. He has filed motions seeking orders to abate the state court proceedings, Doc. No. 3, stay the state court's order of ejectment, Doc. No. 4, and vacate the judgment of stricture foreclosure, Doc. No. 5. His petition for a writ of mandamus "demand[s] [that] the Court . . . vacate or set [a]side [the] foreclosure judgment." *See* Pet. Writ Mandamus, Doc. No. 20-1, at 1. Thus, Guy's case presents the "paradigm situation" for application of the *Rooker-Feldman* doctrine, "where the plaintiff has 'repaired to federal court to undo the [state] judgment.'" *Vossbrinck*, 773 F.3d at 427 (quoting *Saudi Basic Indus. Corp.*, 544 U.S. at 293). Having "lost in the [state] foreclosure action," Guy "may not now re-litigate the validity of the foreclosure in federal court."[6] *Gonzalez*, 74 F. Supp. 3d at 517–18.

To be sure, the Second Circuit has cautioned that "[t]he *Rooker-Feldman* doctrine does not prevent a district court from reviewing a claim for *damages* stemming from an allegedly fraudulent foreclosure judgment, because the district court can determine damages liability without reviewing the propriety of the state court judgment." *Worthy-Pugh v. Deutsche Bank Nat'l Tr. Co.*, 664 F. App'x 20, 21 (2d Cir. 2016) (summary order) (emphasis added). But Guy does not seek damages in his prayer for relief. *See* Compl., Doc. No. 1, at 12. Even if he did,[7]

---

[6] Even were I to read Guy's complaint to "allege[] that [the] state court judgment was procured by fraud," jurisdiction is lacking. *See id.* at 513. Allegations that a "judgment was void because it was obtained through a fraudulent scheme to interfere with the judicial process do[] not defeat application of [the] *Rooker-Feldman* [doctrine]." *Worthy-Pugh v. Deutsche Bank Nat'l Tr. Co.*, 664 F. App'x 20, 21 (2d Cir. 2016) (summary order).

[7] Guy's Affidavit in Support of Civil Rights Complaint, attached to his complaint, does purport to demand "$1,000,000" in "actual damages" for "[f]our years of constant unlawful litigation in the State of New York" and "[p]unitive damages of $8,000,000." Aff., Doc. No. 1-1, at 21–22.

6

any damages claims against the State still would be barred by the *Rooker-Feldman* doctrine, because in order to adjudicate a claim that the state court violated Guy's constitutional rights, I would need to "review[] the propriety of the state court judgment." *Worthy-Pugh*, 664 F. App'x at 21. Likewise, any damages claims against Bank of America would fail due to the doctrine of issue preclusion, which "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001)). Here, a damages claim against Bank of America would turn on the validity of the order of foreclosure, which was "actually litigated and determined by a valid and final judgment" and "essential to that judgment." *See Chadha v. Charlotte Hungerford Hosp.*, 97 Conn. App. 527, 536 (2006). As such, Guy could not collaterally attack the foreclosure through a damages claim in federal court.

"Because [Guy] seek[s] review and reversal of [a] prior unfavorable state court judgment[] in a later federal action," I "lack[] subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine." *Gonzalez*, 74 F. Supp. 3d at 517. Although "a *pro se* complaint is to be read liberally" and held to "less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009), here, "there is no indication [Guy] could establish subject matter jurisdiction by any lawful amendment." *Nachbaur v. Weiss*, 19 F. App'x 24, 26 (2d Cir. 2001) (summary order). Therefore, I dismiss Guy's complaint without leave to replead.

---

That language refers to litigation in New York that does not appear in the record, so I doubt that it states a plausible claim. *See* Mem. Supp. Bank of America's Mot. Dismiss, Doc. No. 16-1, at 8 ("[The] allegations pertaining to a different individual and a foreclosure in New York . . . are not reasonably tied to a specific federal cause of action."). Assuming that it did, however, a claim for damages would still be barred for the reasons discussed above.

7

**IV.     Conclusion**

Under the *Rooker-Feldman* doctrine, I lack subject matter jurisdiction over Guy's efforts to challenge the state court judgment. I grant the defendants' motions to dismiss pursuant to Rule 12(b)(1) and dismiss Guy's case.

The Clerk is directed to terminate all pending motions and close the case.


So ordered.

Dated at Bridgeport, Connecticut, this 20th day of June 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge